UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY WAYNE WEEKS,<br>                              **Defendant.** | Case No.  21-cr-00247 (TFH) |

**MEMORANDUM OPINION**

Defendant Bradley Weeks ("Weeks") is charged by Indictment with one felony and four misdemeanors for his alleged participation in the storming of the United States Capitol building and the resultant disruption of the joint session of Congress convened to certify the Electoral College vote count on January 6, 2021.  *See* Indictment [ECF No. 17].  On June 27, 2022, Weeks filed a Motion to Dismiss Count One of the Indictment [ECF No. 53] ("Mot. to Dismiss") on various statutory and constitutional grounds.  The government opposed the motion [ECF No. 60] ("Gov't Opp'n") and Weeks replied [ECF No. 66] ("Def. Reply").

On August 30, 2022, the Court heard arguments and issued oral rulings denying the motion to dismiss on the grounds that Weeks' alleged conduct does not fit within the scope of 18 U.S.C. § 1512(c)(2) because the alleged obstructive conduct did not involve a document or tangible object, and that an "official proceeding" under § 1512(c)(2) must be adjudicatory or investigatory in nature.  *See* Mot. to Dismiss at 6-15.  The Court took under advisement Weeks' motion to dismiss on the basis that the Indictment fails to sufficiently state an offense because it

does not specify what "official proceeding" before Congress was obstructed, influenced, and impeded. *See id*. at 3-6. Upon consideration, and for the reasons stated below, the Court rejects Weeks' arguments on those grounds and now denies the Motion to Dismiss Count One in its entirety.

I.    **Background and Procedural History**[1]

Following the Presidential Election in November 2020, Weeks began to join Facebook groups regarding the "Stop the Steal" rally and to exchange messages with others regarding his plans to travel to Washington, D.C. on January 6, 2021 for a "protest/revolution" with co-defendant Jonathan Daniel ("Danny") Carlton. *See* Gov't Opp'n at 1-3. Weeks and Carlton traveled to D.C. on January 5, 2021 and attended the Stop the Steal Rally on January 6, 2021. *Id*. at 3. At 1:00 p.m. on January 6, 2021, a Joint Session of the United States Congress convened in order to certify the vote of the Electoral College of the 2020 Presidential Election. *See id*. at 3; Statement of Facts at 1 [ECF No. 1-1]. A crowd began to form outside of the Capitol that eventually "overwhelmed law enforcement and scaled walls, smashed through barricades, and shattered windows to gain access to the interior of the Capitol[.]" *Nassif*, 2022 WL 4130841, at *1 (quoting *Trump v. Thompson*, 20 F.4th 10, 18 (D.C. Cir. 2021)). Weeks and Carlton arrived at the Capitol grounds around 2:00 p.m. Weeks proceeded to, amongst other actions, climb an overturned bike rack in order to access the balustrade of the northwest stairs and enter the Capitol building multiple times on the heels of the mob. *See* Gov't Opp'n at 11-18. Throughout these events, Weeks messaged his co-defendant and others and took videos and photos. *See id*.

---

[1]    These facts are drawn from the Government's Opposition, the Indictment, and the Statement of Facts accompanying the Criminal Complaint filed in this matter. The Court may accept these proffered facts as true for the task at hand. *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015); *see also United States v. Nassif*, No. CR 21-421 (JDB), 2022 WL 4130841, at *1 n.1 (D.D.C. Sept. 12, 2022).

at 1-18.  Members of Congress and the Vice President were forced to evacuate around 2:20 p.m. and could not reconvene until around 8:00 p.m.  Statement of Facts at 1.

After January 6, the FBI received numerous tips from various informants that Weeks had posted a video documenting his actions in and around the Capitol building.  *Id*.  While the video was deleted from Weeks' Facebook page by the time law enforcement attempted to view it, one of the informants had downloaded a video in which Weeks is on the Upper West Terrace of the Capitol and declares, amongst other things, "We're taking back our country! This is our 1776!" *Id*.  Law enforcement also obtained screenshots of a video posted to Weeks' Facebook page depicting the inside of the Capitol building.  *Id*.  Law enforcement was also provided with screenshots of messages that Weeks had sent to a reporter on January 6 stating that he was inside of the Capitol and had been pepper sprayed.  *Id*.

Weeks was arrested on January 21, 2021.  Arrest Warrant [ECF No. 13].  On March 24, 2021, a Grand Jury returned a five-count Indictment charging Weeks with: **(1)** Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; **(2)** Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); **(3)** Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); **(4)** Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and **(5)** Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  Indictment [ECF No. 17].[2]

---

[2] The Indictment also charges co-defendant Carlton with Counts Two through Five.  *See* Indictment.  Carlton has since pled guilty to Count Five, and the Court sentenced him to a 36-month probationary term.  Judgment [ECF No. 75].

**II.     Legal Standard**

Before trial, a defendant may move to dismiss an indictment or count for various reasons, including "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).  When considering a motion to dismiss, the court must review the "*face* of the indictment." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)) (emphasis in original).  "[T]he indictment must be viewed as a whole and the allegations must be accepted as true at this stage of the proceedings." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011).

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and …[i]t need not contain a formal introduction or conclusion." Fed. R. Crim. P. 7(c)(1).  An indictment is constitutionally sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  It is generally enough for an indictment to "echo[] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018).  The validity of an indictment does not hinge on "whether it could have been more definite and certain," and does not require the defendant to be apprised of "every means by which the prosecution hopes to prove that the crime was committed." *Nassif*, 2022 WL 4130841, at *7 (quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) and *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) (en banc) (per curiam)).

### III. Discussion

Weeks claims that Count One is constitutionally deficient under the Fifth and Sixth Amendments because it fails to provide adequate notice and protect against double jeopardy concerns. Specifically, he argues that Count One fails to state an offense because it does not specify what "official proceeding," *i.e.*, the certification of the Electoral College vote, before Congress was obstructed, influenced, and impeded. Def. Mot. at 4-5. As set forth below, the Indictment's allegations "if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp. 2d at 146. Because "even very concise charging documents may 'clear[] this low bar," *see Nassif*, 2022 WL 4130841, at *7 (citing *United States v. Sargent*, No. 21-cr-00258 (TFH), 2022 WL 1124817, at *1 (D.D.C. Apr. 14, 2022)), the Court finds that Count One sufficiently states an offense.

#### A. <u>Statutory and Charging Language</u>

18 U.S.C. § 1512(c)(2) provides that "[w]hoever corruptly…obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." An "official proceeding" is defined by statute to include "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B).

Count One of the Indictment, charging Mr. Weeks with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2, states:

> On or about January 6, 2021, within the District of Columbia and elsewhere, BRADLEY WAYNE WEEKS attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority committing an act of civil disorder, and engaging in disorderly and disruptive conduct.

Indictment at 1.

### B. <u>Count One Sets Forth Every Element of the Charged Offense</u>

Weeks does not dispute that the charging language adopts the language of the statute and thus properly sets forth the elements of the offense. It is "well established" that an Indictment validly alleges the elements of the offense by echoing the operative statutory language. *Haldeman*, 559 F.2d at 123.

### C. <u>Count One Provides Adequate Notice</u>

The crux of Weeks' argument is that Count One is inadequate because it does not specify what "official proceeding" he allegedly obstructed on January 6, 2021. However, Count One adequately informs Weeks of the charges against which he must defend and thus fulfills the "central purpose[]" of the indictment. *Haldeman* 559 F.3d at 123. The test is whether the Indictment's allegations, "if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp. 2d at 146. While Weeks may feel the facts are not "particular" enough, "[n]o more is required." *Nassif*, 2022 WL 4130841, at *8.

Here, the allegations are sufficiently detailed that, if proven, a jury could find that Weeks obstructed an official proceeding before Congress on January 6, 2021 at the United States Capitol. The Indictment: (1) repeats the statutory language; (2) specifies the date of the alleged criminal conduct; (3) notes that the actions occurred "within the District of Columbia and elsewhere" and also that Weeks entered and remained "in the United States Capitol" as one of the obstructive acts; (4) specifies the type of "official proceeding" (namely, "a proceeding before Congress"); and (5) includes the means by which Weeks allegedly committed the charged offense (by entering and remaining in the United States Capitol, committing an act of civil disorder and engaging in disorderly and disruptive conduct). These details are enough to fulfill the relevant notice requirements. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108–109

(2007) ("[A]n indictment parroting the language of a federal criminal statute is often sufficient"); *United States v. Williamson*, 903 F.3d 124, 130–31 (D.C. Cir. 2018) (upholding indictment where it "echoe[d] the operative statutory text while also specifying the time and place of the offense" even though the defendant had been charged with threatening an officer "in the performance of official duties" and the indictment did not specify the "official duties").

The Court is not persuaded by Weeks' arguments that the Supreme Court's decision in *Russell v. United States,* 369 U.S. 749, 764 (1962) demands a different result. *Russell* involved challenges by six separate defendants who had been convicted for "refusing to answer **certain questions** when summoned before a congressional subcommittee," namely, a subcommittee of the Committee of Un-American Activities. *Russell v. United States*, 369 U.S. 749, 752 (1962) (emphasis added).[3]  Each of the indictments was identical and "stat[ed] only that the questions to which answers were refused 'were pertinent to the question then under inquiry' by the subcommittee." *Id*.

The Court held that the Indictments failed to state an offense because they failed to identify the particular subject of the questions that the defendants refused to answer. The Court explained:

---

[3]     The charging statute, 2 U.S.C.A. s 192, provided that:

> Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, **refuses to answer any question pertinent to the question under inquiry,** shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months.

(emphasis added).

7

> [T]he very core of criminality under 2 U.S.C. s 192, 2 U.S.C.A. s 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer. What the subject actually was, therefore, is central to every prosecution under the statute. Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

*Id.* at 764. Therefore, the Court concluded that "an indictment under 2 U.S.C. s 192, 2 U.S.C.A. s 192 must state the question under congressional committee inquiry as found by the grand jury" in order to prevent the court and prosecutor from guessing as to which question was pertinent to that committee inquiry—thus "depriv[ing] the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Id.* at 771.

The Court finds *Russell* distinguishable. The statute at issue in *Russell* demanded that the criminalized acts be "pertinent" to a particular matter under inquiry—thus rendering notice of what particular matter was under inquiry essential. That is not the case here, where a defendant may be found guilty of violating 18 U.S.C. §§ 1512(c)(2) and 2 based on any corrupt actions taken to obstruct, impede, or otherwise impedes "any official proceeding," or attempts to do so. The identification of the specific proceeding is thus not "central to every prosecution under the statute" or the "very core of criminality" under the statute. *United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018). In other words, Weeks' guilt does not hinge on the subject matter of the official proceeding, let alone whether his allegedly obstructive conduct was "pertinent" to the subject matter under inquiry. And, in any event, the Indictment *does* more than merely parrot the statute, as it specifies that Weeks allegedly obstructed, by certain specified means, an official proceeding before Congress in the District of Columbia and at the United States Capitol on January 6, 2021. Even Weeks concedes it is "not a complete mystery" what official proceeding was occurring at the Capitol building on January 6, 2021. Mot. to Dismiss at 5 n.2.

8

The Court also finds unpersuasive Weeks' reliance on two out-of-circuit decisions that depend on the reasoning in *Russell*, as they are factually and legally distinguishable. *See* Def. Reply at 2-3 (citing *United States v. Murphy*, 762 F.2d 1151 (1st Cir. 1985) and *United States v. McGarity,* 669 F.3d 1218, 1238 (11th Cir. 2012)). *Murphy* involved a different statutory provision than the one at issue here—18 U.S.C. § 1512(a)(1)—and the indictment there was found defective where it failed to specify the proceeding amongst multiple underlying investigations and proceedings that could have formed the basis for the alleged criminal conduct. *United States v. Murphy*, 762 F.2d at 1154. In addition to involving a distinguishable factual predicate and statute, the Indictment here does not suffer from the same fatal ambiguity—as alleged in the Indictment, there is only one congressional proceeding at issue, which took place on January 6, 2021, in the District of Columbia at the United States Capitol. In *McGarity,* the Eleventh Circuit found that the indictment provided insufficient notice where the allegations incorporated a multi-month timeframe and failed to specify the allegedly obstructive conduct. *United States v. McGarity,* 669 F.3d at 1240 (relying on *Murphy* and noting that "the only notice provided here is that the defendants obstructed an unknown official proceeding at some time in some place by some action."). The Indictment here, however, does not contain an indeterminate time range and also specifies the actions taken to obstruct, influence, and impede "an official proceeding before Congress." Defendant's reliance on *McGarity* for its persuasive value is, therefore, also misplaced.

In sum, the Court finds that the Indictment provides sufficient notice by echoing the statutory text, specifying the time and place of the conduct, and specifying the means by which Weeks committed the charged offense. Such charging language would permit a jury to find Weeks guilty of the charged conduct and is thus constitutionally sufficient.

### D. Count One Sufficiently Protects Against Double Jeopardy Concerns

Contrary to Weeks' claims, Count One as charged enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling*, 418 U.S. at 117. To protect against double jeopardy, "an indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Haldeman*, 559 F.2d at 124 n.262. Here, Count One states that the conduct took place "on or about January 6, 2021," specifies the location as "within the District of Columbia and elsewhere," repeats the statutory language, notes that the "official proceeding" at issue is "a proceeding before Congress," and then states that Weeks allegedly obstructed that proceeding "by entering and remaining in the United States Capitol without authority committing an act of civil disorder, and engaging in disorderly and disruptive conduct." Indictment at 1. Such language plainly protects against double jeopardy under relevant precedent. *See, e.g., Resendiz-Ponce*, 549 U.S. at 108; *Williamson*, 903 F.3d at 130.

The Court again finds Weeks' reliance on *Russell* on this point unpersuasive. Because the charging statute there demanded that the grand jury make a determination as to "whether a person should be held to answer in a criminal trial for refusing to give testimony *pertinent to a question under congressional committee inquiry*," without detail in the indictment, the court, prosecutor, and jury would have been left "guess[ing]" amongst potential questions in order to determine what withheld testimony the grand jury had found "pertinent to a question" under congressional inquiry. *Russell*, 369 U.S. at 770 (emphasis added). That is not the case here, where Count One contains allegations regarding obstruction of "*a* proceeding before Congress" on January 6, 2021 by enumerated means. Indictment at 1 (emphasis added). Nor does the Indictment allege multiple counts of generalized criminal conduct "devoid of any facts" over

overlapping time periods spanning two to three years, or contain only "the broadest possible references to time and place." *United States v. Hillie*, 227 F. Supp. 3d 57, 70-72 (D.D.C. 2017) (cited in Mot. to Dismiss at 5). Here, each count of the Indictment specifies the date and place and contains distinct factual predicates. *See* Indictment.

The Court thus finds that Count One would enable Weeks to plead an acquittal or conviction in bar of future prosecutions for the same offense and thus protects against double jeopardy concerns.[4]

### IV.  Conclusion

In sum, the Court finds that Count One sufficiently states an offense and does not violate Weeks' Fifth and Sixth Amendment Rights. The Indictment repeats the statutory elements, sufficiently puts Weeks on notice of the charge against which he must defend, and protects against double jeopardy concerns. An appropriate Order will accompany this Opinion.


**Dated**: October 14, 2022

THOMAS F. HOGAN
United States District Judge

---

[4]  The Court notes that following oral argument, the government filed, and the Court granted, a Motion for An Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials [ECF No. 70] and a motion to file certain of those materials under seal [ECF No. 73 *SEALED*]. In deciding this motion, the Court assessed the sufficiency of the Indictment on its face.