IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                              Case No.: 1:21-cr-247-TFH

BRADLEY WAYNE WEEKS,

      Defendant.

_____

## MOTION FOR NEW TRIAL

      Defendant, Bradley Wayne Weeks, by and through undersigned counsel and pursuant to Federal Rule Criminal Procedure 33, hereby moves this Honorable Court for its Order granting Defendant a new trial as to Count One of the Indictment. In support thereof, Defendant states:

      1.      On December 9, 2022, Defendant was found guilty of Obstruction of an Official Proceeding and Aiding and Abetting the same, in violation of 18 U.S.C. §§1512(c)(2) and 2; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. §1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. §1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G).

      2.      Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest." Fed. R. Crim. P. 33(a). "The Rule does not define 'interests of justice' and the courts have had little success in trying to generalize its meaning." *United States v. Cabrera*, 734 F. Supp. 2d 66, 87 (D.D.C. 2010) (quoting *United States v Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). "Nevertheless, courts have interpreted the rule to require a new trial 'in the interests of justice' in a variety of situations in which the substantial rights of the defendant have been

jeopardized by errors or omissions during trial." *Id.* "Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v Safavian,* 644 F. Supp. 2d, 1, 8 (D.D.C. 2009) (quoting 3 WRIGHT, KING & KLEIN, FEDERAL PRACTICE AND PROCEDURE § 556 (3d ed. 2004)).

3. Defendant moved to dismiss Count One, Obstruction of an Official Proceeding, on the basis that it fails to state an offense because the alleged conduct did not fit within the scope of 18 U.S.C. §1512(c)(2), as it did not involve a document or tangible evidence and that an "official proceeding" must be adjudicatory or investigative in nature. Doc. 53. The Court denied the Motion. Doc. 82. Accordingly, in support of this Motion for New Trial, Mr. Weeks adopts and incorporate the previous arguments in support of his Motion to Dismiss Count One of the Indictment.

4. The statute's context, structure, and scope suggest that subsection (c)(2) has a narrow focus. 18 U.S.C. §1512; *see United State v Miller,* DCD No. 1:21-cr-00119-CJN, Doc. 72 at 20-22 (Mar. 7, 2022). The historical development of the statute suggests that subsection (c)(2) operates as a cathcall to subsection (c)(1). *Miller* at 23-25. The legislative history supports a narrow reading of subsection (c)(2). *Id.* at 26-28. Subsection (c)(2) has a serious ambiguity. *Id.* at 28. Courts have "traditionally exercised restraint in assessing the reach of a federal criminal statute, …." *Id,* quoting *United States v Aguilar,* 515 U.S. 593, 600 (1995). They have "construe[d] penal laws strictly and resolve[d] ambiguities in favor of the defendant, …." *Miller* at 28, quoting *United States v Nasir,* 17 F.4th.459, 472 (3d Cir. 2021) (en banc) (*Bibas,* J., concurring) (citing *Liparota v. United States,* 471 U.S. 419, 427 (1985).

5. Mr. Weeks maintains that to prove obstruction of an official proceeding (18 U.S.C. §1512(c)(2)), the government must prove beyond a reasonable doubt:

2

      1)     that the defendant acted knowingly;

      2)     that the defendant obstructed, influenced, or impeded, or attempted to obstruct, influence, or impede an official proceeding by impairing the integrity and availability of non-object information to be used in the official proceeding,

      3)     that the defendant acted corruptly to obstruct, influence, or impede the due administration of justice, that is, the defendant acted knowingly and dishonestly with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty; and

      4)     that the defendant's alleged actions had a relationship in time, causation, or logic with the proceeding such that it was foreseeable that the defendant's conduct would interfere with the proceeding. In other words, the government must prove to you beyond a reasonable doubt that obstruction of an official proceeding was the natural and probable outcome of the defendant's conduct.

*See United States v. Emoian*, 752 F.3d 1165, 1171-1172 (9th Cir. 2013); *United States v. Ahrensfield,* 698 F. 3d 1310 (10th Cir. 2012); *United States v. Poindexter,* 951 F.2d 369 (D.C. Cir. 1991); *United State v. North,* 910 F.2d 843, 852, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a"corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else..."); *United States v. Reeves,* 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil prupose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities… Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overboard'").

      6.     No reasonable finder of fact would find that the defendant impaired, attempted to

impair, or helped anyone else impair the integrity and availability of non-object information, *See Ermoian* 752 F.3d at 1171-1172) because the record does not reflect any evidence of that. *See Jackson* at 319; *Wahl* at 375. No reasonable fact finder would find that the defendant acted corruptly to obstruct, influence, or impeded the due administration of justice (see *Ahrensfield,* 698 F.3d 1310), because the record does no reflect any evidence of that. See *Jackson* at 319; *Wahl* at 375. Nor would a reasonable juror find that the defendant took some action with respect to a document, record, object, or non-object information, to corruptly obstruct, impede or influence an official proceeding, s*ee Miller,* DCD No. 1:21-cr-00119-CJN, Doc. 72, because the record does not reflect any evidence of that. *See Jackson* at 319; *Wahl* at 375. In the case at the bar, Mr. Weeks did not deface, break or take anything, nor did he threaten or assault anyone, including any law enforcement officers or government officers. It's only his mere presence, waving his arm while on the Northwest lawn of the Capitol, and recording a video on the Upper West Terrace upon which the Government relies to find that he acted corruptly. The evidence was all on video, and we see Mr. Weeks walking into the Capitol on the Northwest side and going to the Crypt, down the South hallway and back out. There are no other words or actions at that moment to indicate corruption.

7.   At trial, the government introduced, over objection of Defendant, Exhibit 2.21, a montage video from the United States Capitol Police closed circuit television recording system that captured various events occurring in and around the Capitol on January 6, 2021. The majority of the video contained footage that did not involve defendant but other protestors at the Capitol on that date. Indeed, defendant could not even see much of the events that were depicted in the exhibit, but for a momentary clip of his entrance into the Capitol building. The exhibit impermissably imputed to defendant conduct for which he was not responsible nor did he aid and

abet.  The admission of the video unduly prejudiced defendant by seeking to find him guilty for the actions of others, to which he had no relation.

       8.      The evidence at trial was insufficient to support defendant's conviction for obstruction of an official proceeding as it failed to prove beyond a reasonable doubt that defendant acted with "corrupt" intent.  The eveidence showed that Mr. Weeks entered the Capitol building after receiveing a text from his friend, Danny Carlton, which indicated Mr. Carlton was injured during his entry into the Capitol building approximately twenty (20) minutes prior to Mr. Weeks.  Mr. Weeks' entry into the Capitol building resulted from his effort to rescue Mr. Carlton and not an effort to obstruct, impede, or interfere with any official proceeding.  Furthermore, the evidence at trial demonstrated that the joint session of Congress, as well as each chamber's individual sessions to debate an objection, had already been recessed by the time Mr. Weeks entered the Capitol building.  Officer Mark Gazelle testified that the proceedings were not suspended until individuals breeched the Capitol building itself.  Mr. Weeks did not enter the building until both chambers had called recesses approximately forty (40) minutes prior to his entry.

      WHEREFORE, Defendant respectfully requests this Honorable Court grant Defendant a new trial with respect to Count One of the indictment charging Mr. Weeks with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§1512(c)(2) and 2.

Respectfully submitted,

/s/ Mat R. Kachergus
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus, & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Jamie Carter, Assistant U.S. Attorney**
**Kathryn E. Fifield, Trial Attorney, U.S. Department of Justice**
**U.S. Attorney's Office for the District of Columbia**
**555 Fourth Street, NW**
**Washington, DC 20530**

/s/ Mat R. Kachergus
ATTORNEY

MRK/tw[weeks,bradley-motion.for.new.trial]