IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

v.  Case No.: 1:21-cr-000247-JDB-1

**BRADLEY WAYNE WEEKS,**

    **Defendant.**

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Defendant, Bradley Wayne Weeks, by and through undersigned counsel and pursuant to 18 U.S.C. §§3141 and 3143(b) and Fed.R.Crim.P. 38(b)(1) and 46(c), hereby moves this Court for the entry of an Order releasing Mr. Weeks during the pendency of his appeal and staying his sentence of imprisonment. As grounds in support of this motion, Defendant states as follows:

    1.    After a bench trial, Defendant was convicted of 18 U.S.C. §1512(c)(2), Obstruction of an Official Proceeding and Aiding and Abetting (Count 1), as well as 18 U.S.C. §§1752(a)(1), and (2), Entering and Remaining in a Restricted Building or Grounds (Count 2), and Disorderly and Disruptive Conduct in a Restricted Building or Grounds (Count 3), respectively, 40 U.S.C. §§5104(e)(2)(D) and (G), Violent Entry and Disorderly Conduct in a Capitol Building (Count 4) and Parading, Demonstrating, or Picketing in a Capitol Building (Count 5), respectively. With the exception of the §1512(c)(2) violation, the charges for which he was convicted are misdemeanor offenses.

    2.    On August 16, 2023, Defendant was sentenced to ten (10) months incarceration on each of Counts 1, 2, and 3, to run concurrently and six (6) months incarceration on Counts 4 and 5, to run concurrently with each other and with Counts 1, 2, and 3. He was also sentenced to terms of supervised release on Count 1, 2, and 3, including 365 days of home detention.

3. Mr. Weeks has been ordered to report to his designated correctional institution, FCI Jessup FSL, on October 4, 2023.

4. Under the terms of 18 U.S.C. §3143(b)(1)(A) and (B), the trial court is required to detain an individual who has been convicted, unless the judge finds:

A. By clear and convincing evidence the defendant is not likely to flee or pose a danger to any individual or the community if release is granted; and

B. The appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in either a reversal of the conviction, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the time already served plus the expected duration of the appeal.

5. Release is proper in this case because Mr. Weeks is not a flight risk, as evidenced by his appearances at pre-trial proceedings, trial, and sentencing. Indeed, Mr. Weeks has been a model of compliance in every aspect of his pre-trial and post-trial supervision. As this Court is aware, Mr. Weeks is the caretaker of his wife, who suffers significant health issues. Should this motion be granted, it is his intention to continue as her caretaker.

6. With respect to the requirements of 18 U.S.C. §3143(b)(1)(B), Mr. Weeks' appeal raises a substantial question of law or fact likely to result in either a reversal, an order for new trial, a sentence that does not include a term of imprisonment or a reduced sentence as described in U.S.C. §3143(b)(1)(B)(iv).

7. Likewise, Mr. Weeks' appeal raises a substantial question of law that if he were to prevail would result in reversal of his conviction on Count One, the only felony offense for which he was convicted. A substantial question of law exists whether 18 U.S.C. §1512(c)(2) applies to the conduct of Mr. Weeks, and, generally, the majority of defendants charged with a violation of

18 U.S.C. §1512(c)(2). Under this Circuit's precedent, a substantial question is "a close question or one that very well could be decided the other way." *United v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (citation omitted).

8. Additionally, Mr. Weeks' appeal raises a substantial question of law regarding the application of USSG §2J1.2(b)(2) (Substantial Interference with the Administration of Justice) to convictions for 18 U.S.C. §1512(c)(2), which increased Mr. Weeks Total Offense Level by three levels, increasing his Guideline recommended range of imprisonment from 15-21 months to 24-30 months.

WHEREFORE, Defendant, Bradley Wayne Weeks, respectfully requests that this Court release him from imprisonment while his appeal is pending and stay his sentence of imprisonment.

## **MEMORANDUM OF LAW**

As have other defendants before him, Mr. Weeks is challenging on appeal whether his conviction under 18 U.S.C. §1512(c)(2) can stand. Defendant recognizes that the question of whether he should be detained during appeal is one which has been litigated extensively within this District.

Based upon the history and the continued litigation of the precise legal issue being raised, there is no doubt this challenge continues to be unresolved. Three petitions for writ of certiorari have been filed in the Supreme Court concerning the issue raised by Mr. Weeks' appeal. In *Miller v. United States*, Supreme Court Case No.: 23-94, the defendant has requested the Court to grant certiorari review as to the following issues:

1. Whether the obstruction-of-justice offenses in 18 U.S.C. §1512(c) cover only acts that affect the integrity or availability of evidence, or whether they criminalize advocacy, lobbying, and protest in connection with congressional proceedings that are neither inquiries nor

investigations, such as Congress' joint session to certify the Electoral College vote count; and

    2.    Whether §1512(c)'s "corruptly" element requires proof that the defendant acted with the intent to obtain an unlawful benefit, or whether it merely requires proof that the defendant acted with an improper or wrongful purpose or through unlawful means.

Similarly, in *Lang v. United States*, Supreme Court Case No.: 23-32, Mr. Lang in his petition for a writ of certiorari has raised a question as to whether the scope of 18 U.S.C. §1512(c)(2) reaches the conduct of the participants in the riot of January 6, 2021. A third petition for a writ of certiorari has been filed for Joseph Fischer in Supreme Court Case No.: 23-5572, also challenging whether the scope of the statute covers the conduct of the participants in the events of January 6th.

Mr. Weeks, like the petitioners above and a number of defendants convicted under 18 U.S.C. §1512(c)(2), contends that the statute under which he was convicted was not intended to criminalize the conduct of individuals engaged in the protests of January 6th.

These cases are significant to the question before this Court because they establish that the issue for which Mr. Weeks seeks review is a far from frivolous and review may result in a reversal of Count One of his conviction. Indeed, it appears that the issue may well be decided by the Supreme Court in its upcoming session. Given these circumstances, Mr. Weeks respectfully submits that he meets the requirements of 18 U.S.C. §3143.

As previously briefed, Mr. Weeks has complied in every aspect with the conditions of pre-trial release. He is a quiet, humble man, who allowed his anger about what he perceived (and in fact was told by numerous sources, including his President) was an unlawful election. He is not and has never been a Proud Boy, Three Percenter, Oath Keeper, or is in any way affiliated with any extremist militia groups. He was not convicted of any act of violence, including any violence

toward law enforcement. He is neither a danger to any individual, nor is he a danger to the community.

He has also established that his appeal is not for purposes of delay and that it raises substantial issues of law or fact which are likely to result in a circumstance set forth in 18 U.S.C. §3143(b)(1)(B). The issue being appealed is one of great significance and the likelihood of its resolution by the Supreme Court being favorable to Mr. Weeks is substantial. For this reason, Mr. Weeks' appeal "raises a substantial of law or fact," which would entitle him to the relief requested.

Subsection (iv) of §3143(b)(1)(B) should also be considered by this Court. Mr. Weeks was sentenced to a term of ten (10) months incarceration. The Supreme Court has not returned from its summer recess. Whether or not it will grant review will not be known until its return. Given the Supreme Court's established rules and the vagaries of the scheduling of oral arguments and the issuance of the Court's opinions, there is a substantial likelihood that Mr. Weeks would have completed his sentence of incarceration before any opinion would issue, let alone his appeal being concluded before the D.C. Circuit. If such opinion results in a reversal of his felony conviction, there is a likelihood that his term of imprisonment could be less than the time he has already served.

What he is seeking from this Court is an order maintaining the status quo. He is, of course, ready and willing to comply with any court ordered conditions of release. *Miller* and its accompanying cases can be resolved in a procedurally timely manner and Mr. Weeks will not be imprisoned for an offense which ultimately may determined was not a crime. It is for these reasons that he respectfully requests this Court to grant this motion as to the first issue raised by his appeal.

The second issue which Mr. Weeks is raising on appeal is the three (3) level enhancement imposed by this Court pursuant to U.S.S.G. §2J1.2(b)(2) for "substantial interference to the administration of justice." Specifically, by his appeal he is challenging the Court's interpretation

of the term "administration of justice." Essentially, the question is whether this guideline refers only to a judicial or related proceeding that determines rights and obligations of parties or if it is also applicable to legislative proceeding like the certification of the electoral count by Congress.

In *United States v. Seefried*, 2022 WL 16528415 *1 (D.D.C. 2022), Judge McFadden after engaging in an extensive analysis of the statutory interpretation of this guideline and the context within the phrase "administration of justice" was used, concluded that electoral certification is not covered under this provision of the guidelines. Mr. Seefried's appeal is currently pending in the D.C. Circuit.[1] While Judge McFadden's opinion does not have precedential value on this issue, his opinion does indicate that this is a substantial appellate issue which remains to be resolved. As with the first issue raised by Mr. Weeks, there is a substantial likelihood this issue will ultimately be resolved by the Supreme Court. It can hardly be argued that an issue of such significance in a number of pending appeals does not raise a substantial question of law or fact which may likely result in one of the factors contained in 18 U.S.C. §3143(b)(1)(B)(i-iv).

In sum, there is a substantial likelihood that one or both of the issues raised in this appeal meet the requirements of 18 U.S.C. §3143(b). While no litigant can foresee the result of an appeal, the facts and law weigh in favor of releasing this defendant on supervision during the pendency of this appeal. For all of the foregoing reasons, this Court should grant Mr. Weeks' motion to release him pending his appeal and stay the execution of his sentence.

---

[1] The docket for Mr. Seefried's D.C. Circuit case, Case No.: 23-3024, reveals that briefs have not yet been filed as the Appellant is awaiting preparation of transcripts.

Respectfully submitted,

/s/ Matthew R. Kachergus

Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus, & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> **Jamie Carter, Assistant U.S. Attorney**
> **Kathryn E. Fifield, Trial Attorney**
> **U.S. Department of Justice**
> **U.S. Attorney's Office for the District of Columbia**
> **555 Fourth Street, NW**
> **Washington, DC 20530**

/s/ Matthew R. Kachergus
ATTORNEY