UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  :  | |
| : | CASE NO. 21-CR-247 (JDB) |
| v.  : | |
| : | |
| BRADLEY WAYNE WEEKS,  : | |
| : | |
| : | |
| Defendant.  : | |

**UNITED STATES'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY PENDING APPEAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to Defendant Bradley Wayne Weeks's Motion for Release from Custody Pending Appeal.  (ECF No. 107.)  Weeks's motion should be denied pursuant to 18 U.S.C. § 3143(b)(1).

On December 9, 2022, Bradley Weeks was found guilty of obstructing an official proceeding (Count One); entering and remaining in a restricted building or ground (Count Two); disorderly and disruptive conduct in a restricted building or grounds (Count Three); disorderly conduct in a Capitol building (Count Four); and parading, demonstrating, or picketing in a Capitol building (Count Five).  On August 16, 2023, this Court sentenced Weeks, in part, to 10 months' incarceration on each of Counts One, Two, and Three, to run concurrently, and six months' incarceration on each of Counts 4 and 5, to run concurrently.  (Sentencing Judgment, ECF No. 103).  The Court also imposed 24 months' supervised release as to Count One to run concurrently with 12 months' supervised release as to Counts Two and Three.  (*Id.*)

The presumption at this stage is for Weeks to be detained.  18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to

1

a term of imprisonment, and who has filed an appeal . . . be detained."). A convicted defendant can rebut that presumption only if he can show two things: (1) that, by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released"; *and* (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id*. The D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Rather, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way." *Id*. at 555-56. This standard is more in accordance "with the expressed congressional intent to increase the required showing on the part of the defendant. The law has shifted from a presumption of release to a presumption of valid conviction." *Id*.

Weeks cannot meet the high bar required by Section 3143(b)(1). While the Court did not find that, after the Weeks's verdict and sentencing, he presented a risk of flight or danger, the government submits that the nature of his convictions for obstruction of an official proceeding, disruptive and disorderly conduct, and other charges, and the nature of his conduct on January 6 all demonstrate that he is a danger to the community. *See* 18 U.S.C. § 3143(b)(1)(A).

Further, Weeks does not, and cannot, show that his appeal involves a "substantial question of law or fact likely to result in" reversal, a new trial, a reduced sentence, or a sentence of no

imprisonment. 18 U.S.C. §3143(b)(1)(B); *see United States v. Rivera*, No. 22-3088, 2023 WL 1484683, at *1 (denying a defendant's motion for stay of sentence pending appeal because he could not meet the requirements under 18 U.S.C. § 3143(b)(1)(B)). Weeks's reliance on the pendency of writs of certiorari in other cases is insufficient to show "that it is likely to lead to a new trial or to a sentence without imprisonment." *United States v. Brock*, No. 23-3045, 2023 WL 3671002, at *1 (D.C. Cir. May 25, 2023) (denying a defendant's motion for release pending appeal); 18 U.S.C. § 3143(b)(1)(B)(ii) & (iii). Very few writs are even accepted for argument, and the overwhelming majority of judges who have ruled on this issue have done so in the government's favor. Likewise, Weeks cannot show that resolution of the question regarding the scope of 18 U.S.C. § 1512(c)—the basis of only one of his five convictions—is "likely to lead to reversal of *all counts* on which imprisonment is imposed." *Brock*, 2023 WL 3671002, at *1 (quoting *Perholtz*, 836 F.2d at 556-57); 18 U.S.C. § 3143(b)(1)(B)(i).

Finally, Weeks notes that his appeal will address the Court's application of certain specific offense characteristics under the U.S. Sentencing Guidelines at sentencing. Without some authority as to why that appeal would "likely" result in a reduced sentence that is "less than the expected duration of the appeal process," 18 U.S.C. 3143(b)(1)(B)(iv), his motion should be denied outright. But even if he met his burden under this prong, the relief would not be immediate release. Instead, the statute instructs the Court to "order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B)(iv). In his own brief, he acknowledges that the likely reduced Sentencing Guidelines range is "15-21 months." (ECF No. 107 at 3). Weeks makes no argument, nor could he, that he would be entitled to a sentence lower than the one he received, which was below both the Guidelines range to which he was subject (24-30

3

months) and a reduced Guidelines range (15-21 months).  In other words, regardless of whether Weeks is entitled to relief under 18 U.S.C. § 3143(b)(1)(B)(iv), he would still be required to report and serve the 10-month sentence which this Court previously imposed.  *Brock*, 2023 WL 3671002, at *1 ("[E]ven if appellant received relief under § 3143(b)(1)(B)(iv), he would begin serving his term of imprisonment and the court would order only that he be released after serving the duration of the 'likely reduced sentence.'").

The government respectfully opposes the defendant's motion for release from custody pending appeal.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:      /s/
        Kathryn E. Fifield
        Trial Attorney
        Jamie Carter
        Assistant United States Attorney
        D.C. U.S. Attorney's Office
        601 D St. NW
        Washington, D.C. 20530
        Kathryn.fifield@usdoj.gov
        (202) 320-0048